Levisohn Berger LLP
61 Broadway, 32ND Floor
New York, New York 10006
(212) 486-7272
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| B.I.G. JEWELRY CO., L.L.C., | COMPLAINT |
| Plaintiff, | Civil Action No. Civ. ( ) |
| v. | '07 CIV 8245 |
| TARGET BRANDS, INC., AMBRAS FINE JEWELRY, INC., SAMUEL JEWELERS, GITANJALI GEMS LTD., and JOHN DOES 1-5, | |
| Defendants. | |



JUDGE BUCHWALD

SEP 21 2007
U.S.D.C. S.D.N.Y.
CASHIERS

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, B.I.G. JEWELRY, CO., L.L.C., by and through its attorneys, complains against Defendants TARGET BRANDS, INC., ("Target"), AMBRAS FINE JEWELRY, INC., ("Ambras"), GITANJALI GEMS LTD., ("Gitanjali"), SAMUELS JEWELERS ("Samuels"), and John Does 1-5 (together, "Defendants") as follows:

### PARTIES

1. Plaintiff, B.I.G. Jewelry Co., L.L.C. ("Plaintiff" or "BIG"), is a New York corporation having an office at 115 West 30th Street, New York, New York 10001.

2. Upon information and belief, Defendant Target is a corporation of the State of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Upon information and belief, Defendant Target does business at 40 West 225th Street, Bronx, New York 10463 in New York and in this district.

3. Upon information and belief, Defendant Ambras is a corporation of the State of New York with its principal place of business at 469 7th Avenue, 7th floor, New York, New York 10018-7605. Upon information and belief, Defendant Ambras does business in New York and in this district.

4. Upon information and belief, Defendant Gitanjali is a corporation of the State of New York with its principal place of business at 15 West 47th Street, New York, New York 10036. Upon information and belief, Defendant Gitanjali does business in New York and in this district.

5. Upon information and belief, Defendant Samuels is a corporation of the State of Texas with its principal place of business at 2914 Montopolis Drive, Austin TX 78741. Upon information and belief, Defendant Samuels does business in New York and in this district. Upon information and belief, Defendant Gitanjali owns Defendant Samuels.

## JURISDICTION AND VENUE

6. This action arises under the Copyright Laws of the United States, 17 U.S.C. §§ 101, et seq.

7. This Court has jurisdiction over the subject matter of this Action pursuant to 28 U.S.C. §1331 and § 1338(a).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. §1400(a). A substantial part of the events giving rise to the claim occurred in this district and defendants reside in this district within the meaning of 28 USC §§ 1391(b) and (c).

## BACKGROUND

### Plaintiff's Copyright Registration

9. Plaintiff, by assignment, is the owner of U.S. copyright registration VA 825-478 issued with an effective date of registration of December 24, 1996 by the United States Copyright Office for the work titled "BI 3354 (RING, PENDANT, EARRING) – for jewelry design (the "Copyrighted Work(s)"). BI 3354 is the same design as BI 4456. The Copyrighted Work contains material wholly original to Plaintiff and constitutes copyrightable subject matter according to the laws of the United States. The Copyrighted Work consists of a sculpted frame with a marquise shape stone. A true copy of the Certificate of Registration is attached hereto as Exhibit 1 and a photograph of BI 3354 is attached to as Exhibit 2.

10. Plaintiff applied for a separate copyright registration for the work entitled, "FRAME WITH PEAR STONE" which consists of the same sculpted frame as in Copyright Registration VA 825-478 but with a pear-shaped stone instead of the marquise stone. A true copy of the application and other documents that were

mailed to the Copyright Office regarding the same sculpted frame and pear-shaped stone are attached hereto as Exhibit 3. On August 23, 2007, the Copyright Office refused to register this application on the basis that the substitution of a pear-shaped stone for the marquise stone does not contain a sufficient amount of original authorship. A true copy of the Copyright's Office August 23rd letter is attached hereto as Exhibit 4. Hence, both the marquise and pear versions of the Copyrighted Work are covered by Copyright Registration VA 825-478.

11.  Plaintiff has the right to sue and recover for any and all infringements of said Copyright Registration.

### Defendants' Acts of Infringement

12.  Upon information and belief, Defendant Ambras is in the business of manufacturing and selling jewelry and does business throughout the United States, including in this District.

13.  On information and belief, in or about 2005 Defendant Ambras copied and began to sell and continues to manufacture and sell infringing copies of certain of the Copyrighted Work (the "Infringing Copies") to its customers, among which is Defendant Target and John Does 1-5. Attached hereto as Exhibit 4 are a series of photographs showing a comparison between Plaintiff's Copyrighted Works and the Infringing Copies.

14.  On information and belief, Defendant Target began in or about 2005 to purchase Infringing Copies from Defendant Ambras and has sold and continues to sell Infringing Copies in the United States and in this jurisdiction.

15.  Upon information and belief, Defendant Samuels is in the

business of selling jewelry and does business throughout the United States, including in this District with Ambras. Defendant Samuels buys the Infringing Copies from Ambras. Upon information and belief, Defendant Gitanjali is the parent corporation of Defendant Samuels and substantially contributes to the direction and control of Samuels.

16. Upon information and belief, Defendant Gitanjali is in the business of manufacturing and selling jewelry and does business throughout the United States, including in this District.

## COUNT I
## COPYRIGHT INFRINGEMENT

17. Plaintiff restates the allegations set forth in Paragraphs 1-16 above.

18. On information and belief, since in or about a date unknown in 2005, Defendant Ambras has infringed Plaintiff's rights to the Copyrighted Works by making and/or selling and/or placing upon the market in this district and elsewhere Infringing Copies, which were copied from and are substantially similar to the Copyrighted Works.

19. On information and belief, Defendant Target has purchased from Defendant Ambras Infringing Copies and continues to sell the Infringing Copies to the public and such acts constitute infringement of the Copyrighted Works.

20. On January 2, 2005, Plaintiff, by its attorneys, sent a letter to

Defendant Target, <u>inter alia,</u> informing Defendant Target of Plaintiff's rights with respect to the Copyrighted Works and Registration and demanding that Defendant Target avoid any infringing activities.

21. On January 18, 2005, Defendant Target informed Plaintiff that Defendant Ambras supplied the Infringing Items to Defendant Target.

22. On January 26, 2005, Plaintiff, by its attorneys, sent a letter to Defendant Ambras, <u>inter alia,</u> informing Defendant Ambras of Plaintiff's rights with respect to the Copyrighted Works and Registration and demanding that Defendant Ambras avoid any infringing activities.

23. Plaintiff was orally informed by Target that it would cease the infringing activities.

24. Despite the above, Defendants Target and Ambras have commenced and continue to sell the infringing items and infringe the rights of Plaintiff.

25. On information and belief, Defendant Target continues to purchase Infringing Copies from Defendant Ambras and to sell the Infringing Copies.

26. On information and belief, Defendants Gitanjali and Samuels have purchased from Defendant Ambras Infringing Copies and continue to sell the Infringing Copies to the public, and such acts constitute infringement of the Copyrighted Works.

27. The infringement of the Copyright Registration by Defendants is willful.

28. Defendants have offered for sale and sold and are continuing to offer for sale and sell Infringing Copies which infringe the aforesaid Copyrighted Works.

29. By reason of the foregoing, Plaintiff has been injured in an amount not

yet ascertained.

30. Unless enjoined by this Court, as requested below, Defendants will continue their acts of infringement, and Plaintiff will suffer irreparable injury and has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants, and each of them, jointly and severally, as follows:

A. For Judgment that Defendants have infringed the Copyrighted Works and that Plaintiff be awarded damages and profits as provided by 17 U.S.C. § 504(b), or in the alternative at Plaintiff's election, awarding statutory damages, as provided by 17 U.S.C. § 504(c).

B. For an Order enjoining and restraining Defendants from:

a) making, using, offering for sale, selling, marketing, displaying, distributing and advertising any works infringing the Copyrighted Works,

b) continuing the acts of copyright infringement set forth herein, and from engaging in any additional acts of copyright infringement against Plaintiff.

C.  Ordering Defendants to turn over to the Court or to Plaintiff, or to destroy within ten (10) days from the entry of any Final Judgment or Preliminary Decree entered in this action, all property in the possession of Defendants which is unlawfully created copies of Plaintiff's Copyrighted Works, all molds and models owned by Defendants used to create said infringing jewelry, any infringing product literature owned by Defendants, and all other works in the possession of Defendants that infringe Plaintiff's copyright, including an award of costs incurred by Plaintiff for the destruction of said articles.

D.  Awarding Plaintiff costs and expenses, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

E.  Awarding Plaintiff such further relief as the Court deems just and proper.

Date: September 21, 2007

Respectfully submitted,

By: _____
Jonathan Berger (#1025)
Peter L. Berger (#0120)
LEVISOHN BERGER, LLP.
61 Broadway, 32nd Floor
New York, NY 10006
Telephone: (212) 486-7272
Facsimile: (212) 486-0323

Attorneys for Plaintiff, B.I.G. Jewelry Co., LLC